```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALLAH F. JUSTICE,

                    Plaintiff,

      -against-                           ORDER
                                          12-CV-5911(JS)(WDW)


SHERIFF MICHAEL SPOSATO, in his
individual and official capacity,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:     Allah F. Justice, Pro Se
                   12A5735
                   Downstate Correctional Facility
                   PO Box F
                   Fishkill, NY 12524

For Defendants:    No Appearances
```

SEYBERT, District Judge:

On November 29, 2012, incarcerated pro se plaintiff Allah F. Justice ("Plaintiff") filed yet another in forma pauperis Complaint in this Court pursuant to Section 1983 accompanied by an application to proceed in forma pauperis.[1] The instant Complaint,

---

[1] Plaintiff's nine other actions are: Justice v. Nassau County Jail, et al., 07-CV-3800(JS)(WDW)(dismissed on December 1, 2009 for failure to prosecute); Justice v. Reilly, 08-CV-3266 (JS)(WDW)(dismissed on September 10, 2009 for failure to prosecute); Justice v. Corporal McFadden, 08-CV-3918 (JS)(WDW) (dismissed on September 9, 2009 for failure to prosecute); Justice v. Corporal McGovern, 11-CV-5076(JS)(WDW) (partial dismissal on December 6, 2011 for failure to state a claim); Justice v. Sposato, et al., 11-CV-5946(JS)(WDW) (dismissed on March 7, 2012 for failure to state a claim and with leave to amend); Justice v. Sposato, et al., 12-CV-0473(JS)(WDW)(dismissed for failure to state a claim on April 9, 2012); Justice v. Nassau County Police, et al.,12-CV-2061(JS)(WDW)(dismissed on December 4, 2012 for failure to state a claim); Justice v. Rice, et al., 12-CV-2865(JS)(WDW)(dismissed on July 6, 2012 for failure to state a claim); and Justice v.

like his complaint against four corrections officers docketed under number 12-CV-5103 (the "October Complaint"), purports to allege that Plaintiff has been misidentified as a gang member at the Nassau County Correctional Center and as a result has been the subject of retaliation, including an assault on September 29, 2012 by four corrections officers.[2]  The present Complaint names as the sole defendant Sheriff Michael Sposato in his official and individual capacity ("Defendant") and seeks an order requiring the Nassau Jail to recognize the Nation of Gods and Earths "as a nation of peaceful people and not a gang" as well as a monetary award of ten ($10) million dollars.

I.  Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: . . . consolidate the actions; or issue any other orders to avoid unnecessary cost or delay."  The district court has broad discretion to determine whether consolidation is appropriate.  Johnson v. Celotex Corp.,

---

Merchant, et al., 12-CV-5103(JS)(WDW)(pending).

[2] Though Plaintiff's instant Complaint alleges he was assaulted on October 29, 2012, the Court understands that the alleged assault occurred on September 29, 2012 given that Plaintiff alleges that he was taken "to medical" on October 3, 2012 and was given Motrin for pain he was allegedly experiencing as a result of the alleged assault.  In addition, the assault described in the October Complaint is alleged to have occurred on September 29, 2012.

899 F.2d 1281, 1284-1285 (2d Cir. 1990).  Although considerations of judicial economy generally favor consolidation, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial."  Id. at 1285.  In determining whether consolidation is appropriate, the court must consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. (internal quotations and citations omitted).

Upon review of the instant Complaint and the October Complaint, the Court finds that consolidation is appropriate.  Both cases involve the same underlying allegations.  In the interests of judicial economy and efficiency, and to minimize the expense and burden on all parties in prosecuting and defending multiple lawsuits, these actions are consolidated for all pre-trial purposes.  The actions will proceed under the earlier docket number, 12-CV-5103, and all papers filed in these actions shall henceforth bear only that docket number.  The caption of this consolidated action shall be amended in accordance with this Order and the action assigned docket number 12-CV-5911 shall be closed.

II.  <u>In Forma Pauperis Application</u>

The Court has reviewed Plaintiff's application to proceed <u>in forma pauperis</u> and finds that his financial status qualifies him to commence this action without prepayment of the Court's filing fee.  The Court notes that it has considered whether the "three strikes" provision of then Prison Litigation Reform Act ("PLRA") would bar Plaintiff from filing this action <u>in forma pauperis</u> and finds that it does not.  28 U.S.C. § 1915(g) bars prisoners from proceeding <u>in forma pauperis</u> after three or more previous claims have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.  Section 1915(g), often referred to as the "three strikes" rule, provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

28 U.S.C. § 1915(g).  The Court has reviewed each of the dismissals of Plaintiff's prior cases to determine whether such dismissals count as strikes for purposes of the PLRA.  Dismissals based on a plaintiff's failure to prosecute do not count as strikes.  <u>See</u>, e.g., <u>Johnson v. Truedo</u>, No. 11-CV-0627(DNH/DRH), 2012 WL 3054114, *4 (N.D.N.Y. June 15, 2012) (Report and Recommendation adopted by

4

2012 WL 3062293 (N.D.N.Y. July 26, 2012)) (citing <u>Toliver v. Perri</u>, No. 10-CV-3165, 2011 WL 43461, at *1 (S.D.N.Y. Jan. 6, 2011) (add'l citation omitted). Similarly, dismissals that post-date the filing of the current case generally should not be counted in determining whether to bar <u>in forma pauperis</u> status in the current case. See <u>Read v. Bill</u>, No. 11-CV-6367(CJS), 2011 WL 6148635, *3 (W.D.N.Y. Oct. 21, 2011); <u>Eady v. Lappin</u>, No. 05-CV-0824, 2007 WL 1531879 (N.D.N.Y. May 22, 2007). Given these exceptions, Plaintiff has not yet accumulated three strikes despite his ten <u>in forma pauperis</u> cases. Accordingly, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED.

## CONCLUSION

For the reasons set forth above, the Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED. This action is hereby consolidated for all pre-trial purposes, with 12-CV-5103 and both actions shall proceed under docket number 12-CV-5103. The Clerk of Court shall: (1) amend the caption in accordance with this Order, (2) administratively close the action assigned docket number 12-CV-5911, and (3) forward to the United States Marshal for the Eastern District of New York copies of the Summons, Complaints, and this Order for service upon Defendant Sposato without prepayment of the filing fee.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith

5

and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                                              SO ORDERED.

                                        <u>/s/ JOANNA SEYBERT</u>
                                        Joanna Seybert, U.S.D.J.

Dated:   January 23, 2013
          Central Islip, New York